## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR | : | |
| INDUSTRY PENSION, HEALTH BENEFIT, | : | |
| EDUCATIONAL, ELEVATOR INDUSTRY | : | |
| WORK PRESERVATION FUNDS, ELEVATOR | : | |
| CONSTRUCTORS ANNUITY AND | : | |
| 401(K) RETIREMENT PLAN | : | |
| 19 Campus Boulevard, Suite 200 | : | |
| Newtown Square, PA 19073-3228, | : | |
|      Plaintiffs, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| CURRENT  ELEVATOR TECHNOLOGY, INC. | : | |
| PO Box 246 | : | |
| Milford, PA 18337, | : | |
| TAMMY BOHLKE | : | |
| 129 Maple Dr. | : | |
| Shohola, PA 18458, | : | |
| AND | : | |
| GREGORY BOHLKE | : | |
| 129 Maple Dr. | : | |
| Shohola, PA 18458, | : | |
|     Defendants. | : | |

## COMPLAINT
## Jurisdiction

1.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104,1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a).  This is an action to enforce an employer's contractual obligation to submit benefit payments pursuant to a Collective Bargaining Agreement, to collect unpaid benefit contributions, to collect interest for the late remittance of employee elective deferrals, to enjoin the violations of the terms of the employee benefit plans and to collect the outstanding contributions from owners and officers individually.

## Parties

2.      The Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds").  The NEI Trust Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37).  The NEI Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant.  The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.      Upon information and belief, Defendant, Current Elevator Technology, Inc. ("Current Elevator Technology"), is a corporation existing under the laws of the Pennsylvania with offices located at PO Box 246, Milford, PA 18337. Upon information and belief, Defendant transacts business in Pennsylvania as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

4.      Upon information and belief, at all times relevant herein, Defendant, Tammy Bohlke ("Bohlke"), is an officer and/or owner of Current Elevator Technology, with an address of 129 Maple Drive, Shohola, PA 18458.  Upon information and belief, Tammy Bohlke, at all times

2

relevant herein, exercised control and discretion over the payroll of Current Elevator Technology including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of Current Elevator Technology.  As such, Tammy Bohlke is a fiduciary to the NEI Trust Funds, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

5.      Upon information and belief, at all times relevant herein, Defendant, Gregory Bohlke, is an officer and/or owner of Current Elevator Technology, with an address of 129 Maple Drive, Shohola, PA 18458.  Upon information and belief, Gregory Bohlke, at all times relevant herein, exercised control and discretion over the payroll of Current Elevator Technology including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of Current Elevator Technology.  As such, Gregory Bohlke is a fiduciary to the NEI Trust Funds, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## COUNT I

1.      Upon information and belief, Current Elevator Technology executed an Agreement with the International Union of Elevator Constructors with an effective date of July 9, 2017 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by Current Elevator Technology.

2.      Pursuant to its Agreement, Current Elevator Technology agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of Defendant covered by the Agreement.

3.      Paragraph 7 of the 2017 Agreement states: "The Employer hereby adopts and agrees to be bound by the written terms of the National Elevator Industry Health Benefit Plan and Declaration of Trust, the National Elevator Industry Pension Plan and Declaration of Trust, the National Elevator Industry 401(k) Annuity Retirement Plan and Declaration of Trust and the National Elevator Industry Educational Program and Declaration of Trust, and any amendments thereto, specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds."

4.      Current Elevator Technology is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines").   The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

5.      The NEI Funds Trust Documents provide the reporting requirements for signatory employers.   Article VI, Paragraph 4 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension, Health Benefit and Educational Funds provides as follows:

> All contributions shall be made effective as of the 15th day of each month for the preceding month and, shall continue to be paid as long as the Employer is so obligated pursuant to the Standard Agreement or other collective bargaining agreement or participation agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as herein provided.

6.      Upon information and belief, Current Elevator Technology employed certain

4

employees covered by the Agreement during the months of July 2017 through and including the present.

7.      The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund.  If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed.  In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions.  The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

8.      Current Elevator Technology reported $31,517.75 in contributions due for the months of July to December 2017, but has not paid all amounts due.  Current Elevator Technology owes $19,893.70 in contributions for July to December 2017.

9.      The Elevators Constructors Annuity and 401(k) Retirement Plan provides as follows:

> Each Employer shall contribute to the Trust Fund an amount equal to the total amount of contributions agreed to be made by it pursuant to compensation reduction agreements entered into between the Employer and the Participants employed by such Employer.  Such contributions shall be paid in cash by the Employer to the Trustees as soon as administratively possible, but in no event later than the seventh (7th) day following the day on which the Compensation from which the Elective Contributions are reduced would otherwise have been payable to the Participant in cash.

10.     Current Elevator paid in an untimely manner the elective deferrals for its employees for the months of December 2016 to May 2017 accruing $167.31 in interest.

11.     Current Elevator Technology's contributions on behalf of its elevator constructors for the period July 2017 to December 2017 are late.

12.     The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees file suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed.  In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions.  The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

13.     The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs.  Current Elevator Technology is bound to the Agreements and Declarations of Trust.

14.     Pursuant to this provision, Current Elevator Technology is obligated to the NEI Trust Funds in the amount of $3,978.74 in liquidated damages assessed on the contributions due for

6

July to December 2017, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A.      For $19,893.70 in contributions for the months of July to December 2017; and

B.      For $167.31 in interest for the late payment of employee elective deferrals; and

C.      For liquidated damages in the amount of $3,978.74; and

D.      For attorney's fees and costs expended in bringing this lawsuit; and

E.      For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F.      For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

G.      For such further relief as the Court may deem appropriate.

## **COUNT II**

15.     The NEI Trust Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 19 of Counts I.

16.     This Court has jurisdiction of this action under sections 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1132 and 1145.  This is an action to enjoin violations of the terms of an employee benefit plan.

17.     Current Elevator Technology, pursuant to the Trust Agreements, agreed to make

timely contributions to the NEI Trust Funds in the amounts and on the dates required by its Collective Bargaining Agreement with the International Union of Elevator Constructors in order to maintain the benefits provided through the Funds.

18.     Current Elevator Technology has repeatedly failed to submit timely reports or contributions to the Funds in violation of the requirements of the aforementioned Agreements and Declarations of Trust.

19.     Current Elevator Technology has repeatedly failed to timely remit employee elective deferrals to the Elevators Constructors Annuity and 401(k) Retirement Plan in violation of the requirements of the aforementioned Agreements and Declarations of Trust.

WHEREFORE, in Count II, the NEI Trust Funds pray judgment as follows:

A.     For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans requiring Current Elevator Technology to submit timely contributions and report to the NEI Trust Funds.

B.     For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans requiring Current Elevator Technology to timely remit employee elective deferrals to the Elevators Constructors Annuity and 401(k) Retirement Plan.

C.     For such further relief as the Court may deem appropriate.

## COUNT III

20.     The NEI Trust Funds hereby adopt, incorporate and restate in Count III paragraphs 1 through 24 of Counts I and II.

21.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of

ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions from an individual officer and/or owner, Tammy Bohlke, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

22.     Upon information and belief, the Defendant, Tammy Bohlke, determined the total amount of the employer's (Current Elevator Technology, the company for which she is an owner and officer) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of her employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes.  Thus, Defendant Tammy Bohlke exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

23.     Upon information and belief, as owner and officer of Current Elevator Technology, Defendant Tammy Bohlke, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors.   As such, Defendant Tammy Bohlke obligated Current Elevator Technology to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  Defendant Tammy Bohlke failed to have Current Elevator Technology forward the correct contributions to the Plaintiffs for the period of July to December 2017.

24.     Upon information and belief, as an owner and officer of Current Elevator Technology, Tammy Bohlke deducted elective deferrals from her employees' wages and did not remit those elective deferrals to the Elevator Constructors Annuity and 401(k) Retirement Plan in a

timely manner.  Upon information and belief, Defendant Tammy Bohlke failed to remit in a timely manner the elective deferrals for the period of December 2016 to May 2017 and has accrued $167.31 in interest.

25.     Current Elevator Technology signed a collective bargaining agreement with the International Union of Elevator Constructors effective July 9, 2017.  (See attached).  Paragraph 7 of this collective bargaining agreement provides the following: "Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

26.     Upon information and belief, Defendant Tammy Bohlke deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds.  Upon information and belief, those amounts were deposited into Current Elevator Technology's general accounts and used for purposes other than payment of the employees' benefit contributions.

27.     Upon information and belief, Defendant Tammy Bohlke knew that Current Elevator Technology entered into the collective bargaining agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs.  Defendant Tammy Bohlke knew that Current Elevator Technology periodically turned these amounts over to the Plaintiffs' Funds.

28.     The contributions due the Plaintiffs' Funds are plan assets governed by ERISA.   29 C.F.R. §2510.3-102(a).

29.     Upon information and belief, Defendant, Tammy Bohlke, is a fiduciary to the Plaintiffs' Funds based on the fact that she commingled plan assets with Current Elevator Technology's general assets and used those funds to pay other creditors.   Defendant exercised authority or control respecting disposition of plan assets.   Thus, Defendant Tammy Bohlke is a fiduciary under ERISA §3(21)(A) by the fact that she "exercised authority or control respecting disposition of plan assets."   29 U.S.C.A. §1002(21)(A).

30.     Defendant failed to remit contributions to the Plaintiffs on behalf of her employees.

WHEREFORE, in Count III, the NEI Trust Funds pray judgment as follows:

Defendant, Tammy Bohlke, is jointly and severally liable for the following:

A.     For $19,893.70 in contributions for the months of July to December 2017; and

B.     For $167.31 in interest for the late payment of employee elective deferrals; and

C.     For liquidated damages in the amount of $3,978.74; and

D.     For attorney's fees and costs expended in bringing this lawsuit; and

E.     For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F.     For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust

Agreements and Guidelines; and

G.       For such further relief as the Court may deem appropriate.

## COUNT IV

31.       The NEI Trust Funds hereby adopt, incorporate and restate in Count IV paragraphs 1 through 35 of Counts I, II and III.

32.       This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions from an individual officer and/or owner, Gregory Bohlke, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

33.       Upon information and belief, the Defendant, Gregory Bohlke, determined the total amount of the employer's (Current Elevator Technology, the company for which he is an owner and officer) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes.  Thus, Defendant Gregory Bohlke exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

34.       Upon information and belief, as owner and officer of Current Elevator Technology, Defendant Gregory Bohlke, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors.  As such, Defendant Gregory Bohlke obligated Current Elevator Technology to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the

employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  Defendant Gregory Bohlke failed to have Current Elevator Technology forward the correct contributions to the Plaintiffs for the period of July to December 2017.

35.     Upon information and belief, as an owner and officer of Current Elevator Technology, Gregory Bohlke deducted elective deferrals from his employees' wages and did not remit those elective deferrals to the Elevator Constructors Annuity and 401(k) Retirement Plan in a timely manner.  Upon information and belief, Defendant Gregory Bohlke failed to remit in a timely manner the elective deferrals for the period of December 2016 to May 2017 and has accrued $167.31 in interest.

36.     Current Elevator Technology signed a collective bargaining agreement with the International Union of Elevator Constructors effective July 9, 2017.  (See attached).  Paragraph 7 of this collective bargaining agreement provides the following: "Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

37.     Upon information and belief, Defendant Gregory Bohlke deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds.  Upon information and belief, those amounts were deposited into Current Elevator Technology's general accounts and used for purposes other than

payment of the employees' benefit contributions.

38.     Upon information and belief, Defendant Gregory Bohlke knew that Current Elevator Technology entered into the collective bargaining agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs.  Defendant Gregory Bohlke knew that Current Elevator Technology periodically turned these amounts over to the Plaintiffs' Funds.

39.     The contributions due the Plaintiffs' Funds are plan assets governed by ERISA.  29 C.F.R. §2510.3-102(a).

40.     Upon information and belief, Defendant, Gregory Bohlke, is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with Current Elevator Technology's general assets and used those funds to pay other creditors.  Defendant exercised authority or control respecting disposition of plan assets.  Thus, Defendant Gregory Bohlke is a fiduciary under ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets."  29 U.S.C.A. §1002(21)(A).

41.     Defendant failed to remit contributions to the Plaintiffs on behalf of his employees.

WHEREFORE, in Count IV, the NEI Trust Funds pray judgment as follows:

Defendant, Gregory Bohlke, is jointly and severally liable for the following:

A       For $19,893.70 in contributions for the months of July to December 2017; and

B.      For $167.31 in interest for the late payment of employee elective deferrals; and

C.      For liquidated damages in the amount of $3,978.74; and

D.      For attorney's fees and costs expended in bringing this lawsuit; and

E.      For all subsequent interest due on all late filed contributions submitted by the

        Defendant to the Plaintiffs; and

F.      For all contributions and liquidated damages which become due or owing

        subsequent to the filing of this action, or which have yet to be reported, or which

        have yet to be determined due, through the date of judgment, plus costs, interest and

        reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust

        Agreements and Guidelines; and

G.      For such further relief as the Court may deem appropriate.

                                        Respectfully submitted,

DATE: February 8, 2018                  **O'DONOGHUE & O'DONOGHUE LLP**
                                        Constitution Place, Suite 515
                                        325 Chestnut Street
                                        Philadelphia, PA 19106
                                        Telephone (215) 629-4970
                                        Facsimile (215) 629-4996
                                        By:    s/ Robert P. Curley
                                               Robert P. Curley
                                               Attorney I.D. No. 55760
                                        By:    s/ David D. Capuano
                                               David D. Capuano
                                               Attorney I.D. No. 70238
                                               Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 8th day of February 2018 on the following:

> Secretary of the Treasury
> 15th. and Pennsylvania Ave., N.W.
> Washington, DC  20220
> ATTN: Employee Plans
> Internal Revenue Service
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTN: Assistant Solicitor
> for Plan Benefits Security

<u>s/ David D. Capuano</u>
David D. Capuano